**Capital Case**
**Execution Scheduled: Sept. 24, 2020**
**Case No. 20-2710**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

| | | |
|---|---|---|
| **CHRISTOPHER ANDRÉ VIALVA,** | ) | |
| **Petitioner-Appellant,** | ) | |
| | ) | **Appeal No. 20-2710** |
| **vs.** | ) | |
| | ) | **(Capital Case)** |
| **WARDEN, USP-TERRE HAUTE,** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondents-Appellees.** | ) | |

On appeal from the United States District Court for the Southern District of Indiana, Case No. CIV-20-413-JMS-DLP, District Judge Jane Magnus-Stinson

**REPLY BRIEF OF CHRISTOPHER ANDRÉ VIALVA,**
**PETITIONER-APPELLANT**

Emma V. Rolls, OBA #18820
Michael W. Lieberman, OBA #32694
Assistant Federal Public Defenders
Office of the Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
Telephone: (405) 609-5975
Facsimile: (405) 609-5976
emma_rolls@fd.org
michael_lieberman@fd.org

Counsel for Christopher André Vialva

September 17, 2020

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.     Mr. Vialva Has Satisfied the Requirements of the Savings Clause.. . . . . . . 1

          A.     Mr. Vialva Did Not Receive an Untainted Opportunity for Meaningful Review of His Constitutional Claims... . . . . . . . . . . 1

          B.     Any Interpretation of §§ 2255(e) and 2241 That Would Present an Absolute Bar to Mr. Vialva's Claims Would Result in an Unconstitutional Suspension of the Writ. . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

### Supreme Court Cases

*Boumediene v. Bush*, 553 U.S. 723 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Felker v. Turpin*, 518 U.S. 651 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Swain v. Pressley*, 430 U.S. 372 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*United States v. Hayman*, 342 U.S. 205 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

### Federal Circuit Court Cases

*In Re Davenport*, 147 F.3d 605 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6

*Purkey v. United States*, 964 F.3d 603 (7th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

i

**Federal Statutes**

28 U.S.C. § 2241 ........................................ 1, 2, 4, 5, 6, 7

28 U.S.C. § 2244(b) ........................................ 5

28 U.S.C. § 2255 ........................................ 1, 2, 4, 5, 6

28 U.S.C. § 2255(e) ........................................ 4, 5

28 U.S.C. § 2255(h) ........................................ 5

## INTRODUCTION

The Government contends the Savings Clause forecloses Mr. Vialva from raising his claims in a petition under § 2241. This is contrary to this Court's approach: "We need not speculate on what other scenarios might satisfy the safety valve, other than to say that there must be a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem." *Purkey v. United States* 964 F.3d 603, 615 (7th Cir. 2020). Mr. Vialva has demonstrated that without resort to § 2241, his Constitutional claims will never receive a meaningful opportunity for review due to the specific facts and circumstances of his case. He cannot use § 2255 to cure this fundamental problem. Mr. Vialva respectfully requests the Court vacate the judgment of the District Court and remand for further proceedings on the merits of Mr. Vialva's petition.

## ARGUMENT

### I.    Mr. Vialva Has Satisfied the Requirements of the Savings Clause.

To avoid redundancy, Mr. Vialva adopts and incorporates the arguments he made in his Reply to Respondents' Opposition to Emergency Motion for Stay regarding the likelihood of success on the merits. *See* Doc. 17-2.

### A.    Mr. Vialva Did Not Receive an Untainted Opportunity for Meaningful Review of His Constitutional Claims.

The Government does not deny Mr. Vialva is entitled to an untainted opportunity for meaningful review of his Constitutional claims. *See Purkey*, 964 F.3d at 617 ("The idea of *one* untainted opportunity to make one's case is deeply embedded in our law."). Mistakenly,

1

however, the Government claims Mr. Vialva "'had an unobstructed procedural shot' [*In Re*] *Davenport*, 147 F.3d [605], 609 [(7th Cir. 1998)], at raising his ineffective-assistance claim at the time he filed his § 2255 motion," and Mr. Vialva's "lawyers knew – or should have known – all the facts needed to present those claims in his § 2255 motion." Doc. 14 at 29. The Government's argument ignores that the disturbing evidence of Judge Smith's serious misconduct did not come to light until September 2014, after the conclusion of Mr. Vialva's § 2255 proceedings. *See* Dkt. 1-6 at 1 (district court below); Dkt. 1-3 (district court below).

The evidence of Judge Smith's serious misconduct and impairments was directly relevant to the Constitutional claims raised in his § 2255 motion. Such evidence was relevant to Judge Smith's decision to flout statutory procedure and Judicial Conference policy in the appointment of Mr. Schwieger and Mr. Goains,[1] Dkt. 1 at 12-22 (district court below), Dkt. 12 at 8-11 (district court below); to Judge Smith's decision to allow an obviously conflicted Mr. Goains to represent Mr. Vialva and his failure to *sua sponte* address the issue, despite his knowledge of the conflict, Dkt. 1 at 22-47 (district court below), Dkt. 12 at 11-19 (district court below), Opening Brief at 13 n.2; and to Judge Smith's decision to retain jurisdiction over Mr. Vialva's § 2255 proceedings, despite the assertion of error based on his violation

---

[1]In his § 2255 motion and § 2241 petition, Mr. Vialva established the prejudice resulting from Judge Smith's improper appointment of unqualified and conflicted trial counsel. Mr. Vialva's counsel failed to obtain adequate funding, which resulted in a complete failure to develop and present mitigating evidence and failed to address the Government's allegations about Mr. Vialva's future dangerousness, among other failures. Dkt. 1 at 48-94 (district court below).

2

of the law.  The evidence of Judge Smith's serious misconduct and impairments is not "untethered" to Mr. Vialva's claims. Doc. 14 at 33.

The Government argues "Vialva's factual argument about Judge Smith's purported impairments relies on misrepresentation about the record." Doc. 14 at 34. The Government misleads and ignores the record.  Mr. Vialva has already demonstrated why the Government's claims of misrepresentations are wrong in his Reply to Respondent's Opposition to Emergency Motion for Stay of Execution. Doc. 17-2 at 6-8.

The Government also fails to meaningfully engage with the seriousness of the evidence of wrongdoing against Judge Smith. The Government does not, and cannot, deny the Judicial Council of the Fifth Circuit imposed "serious sanctions" on Judge Smith.  Dkt. 1-6 at 2 (district court below).  These "serious sanctions" stemmed from an investigation after a court employee reported Judge Smith sexually assaulted her. *Id.* at 1; Dkt. 1-7 (district court below). Such investigation uncovered  "Judge Smith [did] not understand the gravity of such inappropriate behavior and the serious effect that it had on the operation of the courts." Dkt. 1-6 at 2.   The Judicial Council also found "Judge Smith allowed false factual assertions to be made in response to the complaint [of sexual assault], which, together with the lateness of his admissions, contributed greatly to the duration and cost of investigation," Dkt. 1-8 at 2, and "Judge Smith did not follow appropriate procedures regarding recusal from cases in which his counsel in this matter was representing parties in his court," *id.* at 3.  After the close of the investigation but prior to the resolution of his Judicial Council proceedings,

3

Judge Smith "announced that he had 'retire[d] from office' . . . effective immediately, by letter dated September 14, 2016." *Id.* at 3.

Judge Smith's disregard for ethics and the law spanned from 1998, two years before Mr. Vialva's capital trial, to at least 2014, many years after he denied Mr. Vialva's § 2255 motion, without so much as granting discovery or an evidentiary hearing. The evidence of Judge Smith's serious misconduct and impairments had direct relevance to Mr. Vialva's Constitutional claims raised in his § 2255 motion, yet such evidence was not available to post-conviction counsel until it was too late. This precluded Mr. Vialva from receiving an untainted opportunity for meaningful review of his Constitutional claims, and § 2255 does not provide an avenue to seek redress of his serious Constitutional claims in light of the evidence of Judge Smith's pattern of misconduct. *See Webster v. Daniels*, 784 F.3d 1123, 1139 (7th Cir. 2015) (*en banc*) (finding § 2255 inadequate where petitioner presented newly discovered evidence in support of an already-raised claim he was intellectually disabled and thus ineligible to be executed).

> **B.** **Any Interpretation of §§ 2255(e) and 2241 That Would Present an Absolute Bar to Mr. Vialva's Claims Would Result in an Unconstitutional Suspension of the Writ.**

In response to Mr. Vialva's claim that denying § 2241 jurisdiction would result in an unconstitutional suspension of the writ, the Government argues, "Two decisions from the Supreme Court interpreting the Suspension Clause are most relevant here." Doc. 14 at 37. These two cases are *Swain v. Pressley*, 430 U.S. 372 (1977) and *Felker v. Turpin*, 518 U.S.

651 (1996). Doc. 14 at 37-38. According to the Government, "[t]he principles articulated in *Swain* and *Felker* foreclose Vialva's argument." *Id.* at 38 (citing *Davenport*, 147 F.3d at 608-09). In his Opening Brief, Mr. Vialva explained why *Swain* does not "foreclose Vialva's argument" for § 2241 review but instead supports it. Doc. 9-1 at 21-22. Likewise, *Felker* supports Mr. Vialva's argument.

The Government correctly describes the Court's holding in *Felker*: "the AEDPA's restrictions on second-or-successive habeas petitions filed by state prisoners did not violate the Suspension Clause." Doc. 14 at 38 (citing *Felker*, 518 U.S. at 664). These restrictions constitute "a restraint on . . . 'abuse of the writ.'" *Felker*, 518 U.S. at 664. As the Government explains, Doc. 14 at 38, in *Felker*, the Court reasoned "judgments about the proper scope of the writ are 'normally for Congress to make.'" *Felker*, 518 U.S. at 664 (citation omitted). While Congress has made the text of § 2255(h) and § 2244(b) (limiting second or successive habeas petitions) narrow and restrictive, Congress has made the text of § 2241 broad and not restrictive of the bases for permissible review.

Congress has explicitly provided a Savings Clause to allow for § 2241 review in cases in which § 2255 proves inadequate or ineffective. As the Government explains:

> When enacting § 2255 in 1948 and amending it in 1996, Congress promulgated and then retained the saving clause in § 2255(e) to ensure that if § 2255 "proved in a particular case" to be an inadequate or ineffective "substitute for habeas corpus," §§ 2255(e) and 2241 enabled that prisoner to seek habeas corpus relief.

Doc. 14 at 38 (quoting *Davenport*, 147 F.3d at 608-09). Section 2255, by virtue of its Savings Clause, was "designed to strengthen, rather than dilute, the writ's protections." *Boumediene v. Bush*, 553 U.S. 723, 776 (2008) (citing *Swain*, 430 U.S. at 381; *United States v. Hayman*, 342 U.S. 205, 223 (1952)). In upholding § 2255 against a Constitutional challenge in *Hayman*, the Supreme Court "placed explicit reliance upon [the Savings Clause] provision[]." *Boumediene*, 553 U.S. at 776. This Court should not ignore Congress's explicit intent to maintain the availability of § 2241 review in cases in which § 2255 has proved inadequate or ineffective. This is such a case.

The Government explains, "The Western District of Texas and the Fifth Circuit previously considered and rejected [Mr. Vialva's] claims in the context of Vialva's § 2255 motion." Doc. 14 at 39. For the reasons explained in Mr. Vialva's Opening Brief and above, Mr. Vialva has never had meaningful review of the serious Constitutional claims at issue.

Finally, the Government contends that "despite arguing extensively below that those courts [the Western District of Texas and the Fifth Circuit] erred, *see* R.1 at 26-115, Vialva has abandoned any merits-based attacks before this Court . . . ." Doc. 14 at 39. However, the District Court made clear it denied Mr. Vialva's § 2241 petition and stay motion "without reaching the [underlying] merits." Dkt. 20 at 1 (district court below). Hence, Mr. Vialva's appeal before this Court addresses only his entitlement to jurisdiction under § 2241,[2] and his

---

[2]Like Mr. Vialva, the Government does not argue here regarding the merits of Mr. Vialva's Constitutional claims, instead referring the Court to the "reasons given in the government's response below." Doc. 14 at 39 n.7 (citing Dkt. 11 at 31-49) (district court below).

6

request for relief is a remand to the District Court for consideration of his Constitutional claims.[3]

## CONCLUSION

For the reasons stated in this Reply, Opening Brief, Emergency Motion for Stay of Execution, and Reply to Respondent's Opposition to Motion for Stay of Execution, Mr. Vialva respectfully requests this Court vacate the judgment of the lower court and remand for further proceedings on the merits of his claims in his § 2241 petition.

Respectfully submitted,

*s/ Emma V. Rolls*
Emma V. Rolls, OBA #18820
Michael W. Lieberman, OBA #32694
Assistant Federal Public Defenders
Office of the Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
Telephone: (405) 609-5975
Facsimile: (405) 609-5976
emma_rolls@fd.org
michael_lieberman@fd.org

Counsel for Christopher André Vialva

---

[3]The Government ignores the District Court's characterization of Mr. Vialva's conflict of counsel claim as "a significant claim" and its statement that it "may well not have decided these significant claims in the same way." Dkt. 20 at 6-7 (district court below).

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Emma V. Rolls*
Emma V. Rolls
Counsel for Christopher André Vialva

## CERTIFICATE OF COMPLIANCE

1.      This reply brief complies with the type-volume limitation of Circuit Rule 32(c) because this brief contains 1,790 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This reply brief complies with the typeface requirements of Circuit Rule 32(b) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfectX6 in 13-point Times New Roman font.

*s/ Emma V. Rolls*
Emma V. Rolls
Attorney for Christopher André Vialva

September 17, 2020

8