In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-2710

CHRISTOPHER ANDRÉ VIALVA,

*Petitioner-Appellant,*

*v.*

T.J. WATSON, WARDEN, UNITED STATES PENITENTIARY, TERRE HAUTE,

*Respondent-Appellee.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:20-cv-00413-JMS-DLP — **Jane Magnus-Stinson**, *Chief Judge.*

———————————

SUBMITTED SEPTEMBER 17, 2020 — DECIDED SEPTEMBER 18, 2020

———————————

Before EASTERBROOK, KANNE, and ROVNER, *Circuit Judges.*

PER CURIAM. Christopher Vialva has been sentenced to death for murders he committed in 1999. In this proceeding under 28 U.S.C. §2241 he seeks a stay of his execution, which is scheduled for September 24. The district court denied that request, ruling that resort to §2241 is forbidden by 28 U.S.C. §2255(e), which provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply

for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." The district court held that §2255 is adequate to resolve Vialva's legal claims. After reviewing the parties' briefs, which address the merits as well as the request for a stay, we agree with that conclusion.

The details of Vialva's crimes do not matter for current purposes. Nor do the details of his current legal arguments. It is enough to identify the sort of contentions he presents. He maintains that he received ineffective assistance of counsel at trial because his lawyer had a conflict of interest. (While representing Vialva, counsel also was seeking an appointment as an Assistant United States Attorney.) He also contends that counsel conducted an inadequate investigation of his mental state and thus did not represent him competently during sentencing. Vialva maintains that the district judge suffered from alcoholism and should not have been allowed to preside at trial or impose sentence. These contentions may or may not be substantively valid, but Vialva's problem in seeking relief under §2241 is that issues of these kinds are commonly entertained and resolved under §2255.

Indeed, Vialva's contentions *were* entertained and resolved under §2255. See *United States v. Bernard and Vialva*, 762 F.3d 467 (5th Cir. 2014); *United States v. Vialva*, 904 F.3d 356 (5th Cir. 2018). The fact that Vialva lost does not entitle him to another collateral attack under §2241. Nor does the fact that the Fifth Circuit resolved his collateral attacks by denying his requests for certificates of appealability. He

maintains that the Fifth Circuit did not give his arguments the consideration they deserved, but we do not sit in judgment on the decisions of our sister circuits. That power belongs to the Supreme Court, which denied Vialva's petitions for certiorari. *Vialva v. United States*, 136 S. Ct. 1155 (2016); *Vialva v. United States*, 140 S. Ct. 860 (2020).

It isn't as if the Fifth Circuit refused to consider Vialva's arguments. That court declined to issue certificates of appealability only after extended discussion of the merits. Relying on *Buck v. Davis*, 137 S. Ct. 759 (2017), Vialva insists that the Fifth Circuit should have issued certificates of appealability, but that claim of error was for the Supreme Court to address. He received effective merits decisions, despite the absence of formal certificates of appealability, and a §2241 proceeding is not an authorized way to contest the procedure the Fifth Circuit used.

This circuit has held that §2255 can be deemed "inadequate or ineffective" when a novel and retroactive statutory decision cannot be raised under §2255, see *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), or when newly disclosed facts support a constitutional theory that could not have been litigated on an initial proceeding under §2255, see *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). Neither description applies to Vialva's contentions. He does not rely on a new, retroactive legal rule; he does not point to any facts that came to light after the Fifth Circuit's decisions. Instead he contends that the courts that addressed his §2255 proceeding (and his effort to reopen them under Fed. R. Civ. P. 60(b)) reached an incorrect result under unchanged law applied to established facts. Permitting such a step would effectively eliminate §2255(e) from the United States Code.

Vialva maintains that, if §2255(e) blocks him from using §2241, then it violates the Suspension Clause (Art. I §9 cl.2): "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Yet the Supreme Court has held that the Suspension Clause does not entitle anyone to successive collateral attacks on a criminal judgment. See *Felker v. Turpin*, 518 U.S. 651, 663–64 (1996); *Swain v. Pressley*, 430 U.S. 372 (1997); cf. *United States v. Hayman*, 342 U.S. 205 (1952). See also *Lindh v. Murphy*, 96 F.3d 856, 867–68 (7th Cir. 1996) (en banc), vacated on other grounds, 521 U.S. 320 (1997). One opportunity for one round of review suffices.

A person who seeks a stay pending appeal must establish a material probability of success on the merits. A better-than-negligible chance will not do. See *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Illinois Republican Party v. Pritzker*, No. 20-2175 (7th Cir. Sept. 3, 2020), slip op. 4–5. Vialva has not established even a better-than-negligible chance of prevailing in his quest for another round of collateral review.

The motion for a stay of execution is denied, and the judgment of the district court is summarily affirmed.